In the Matter of Marcel Raileanu, an Attorney, Respondent.

First Department, December 28, 1928.

*Einar Chrystie*, for the petitioner.

No appearance for the respondent.

DOWLING, P. J.   The respondent was admitted to the bar in December, 1922, in the New York Supreme Court, Appellate Division, First Department.

There are two charges against respondent which the official referee reports as having been fully sustained by the evidence before him: (1) That respondent converted to his own use his client's share of the sum of $125, collected by him on January 27, 1927, in behalf of Regina Goldman and John Goldman, her husband, in settlement of their claim for damages suffered as a result of an accident due to the alleged negligence of Richard and Marie Berthell; (2) that between August, 1922, and October, 1925, respondent by falsely stating and representing to one Sadie Schneider that he loved her, and intended to marry her when admitted to the bar, induced her to advance to him various sums of money aggregating upwards of $4,500, a large part of which was taken from the salary she received while employed as a typist and stencil cutter in an office in which she was employed during the period stated.

The respondent's answer to charge No. 1 was, substantially, that at the time he collected the Goldman money he was very busy moving his office, that he had illness at home at the time, and for these reasons he could not get in touch with his clients. He further claims that at a later date Goldman refused to accept his share of the amount recovered.   As to charge No. 2, he denies that he ever promised to marry Miss Schneider, asserts that she has greatly exaggerated the amount of money he received from her, and that he did not induce her to give him any part thereof by false representations.

The learned official referee in an exhaustive and convincing report has analyzed the evidence and reached the conclusion that both charges were sustained and the respondent's defenses thereto without foundation.   Respondent testified in his own behalf, but his testimony was such that he was not cross-examined by counsel for the petitioner, and he produced no witnesses in his own behalf. The testimony furnished additional proof of his unfitness to be a member of an honorable profession.

No useful purpose can be served by a recital of the evidence against respondent, particularly in view of his failure to appear in

opposition to the motion, and of the nature of some of his own testimony in his attempted defense.

We agree with the findings of the official referee that the respondent is guilty of the offenses charged against him. He is unfit to remain a member of his profession and should be disbarred.

MERRELL, FINCH, MCAVOY and PROSKAUER, JJ., concur.

Respondent disbarred.